NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRAMOR PEREZ-RIVERA, | No.   19-71765 |
| Petitioner, | Agency No. A215-716-084 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Miramor Perez-Rivera, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Perez-Rivera's testimony, and between his testimony and credible fear interview as to the location of his injuries, as well as inconsistencies between Perez-Rivera's testimony and declaration as to his interactions with police officers. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014) (adverse credibility finding is supported when despite given the opportunity, an applicant fails to clarify or explain inconsistent statements). Perez-Rivera's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). The agency did not err by considering inconsistencies between Perez-Rivera's statements to an asylum officer during a credible fear interview and his hearing testimony. *See Qiu v. Barr*, 944 F.3d 837, 843 (9th Cir. 2019) (when there are sufficient indicia of reliability, an IJ may consider inconsistencies between what a petitioner said to an asylum officer and the petitioner's testimony before the IJ).

Substantial evidence also supports the agency's finding that Perez-Rivera's corroborative evidence did not otherwise establish his eligibility for relief. *See Garcia*, 749 F.3d at 791 (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Thus, in the absence of credible testimony, in this case, Perez-Rivera's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because it was based on the same testimony the agency found not credible, and Perez-Rivera points to no other evidence in the record that compels the conclusion that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See id*. at 1157; *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (explaining that "petitioner must demonstrate that he would be subject to a 'particularized threat of torture'" to obtain CAT relief) (citation omitted).

We reject Perez-Rivera's contention that the agency failed to consider evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision).

Perez-Rivera's contention that the agency violated his due process rights fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

19-71765

Perez-Rivera's motion for a stay of removal (Docket Entry No. 1) and his supplemental motion (Docket Entry No. 5) are denied as moot.

**PETITION FOR REVIEW DENIED.**